UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | CAUSE NO. 3:17-cr-90-JD |
| ) | |
| PETER RINK ) | |

## DISCOVERY ORDER

The court now ORDERS discovery as follows:

### I. Disclosure by the Government.

A.  The government shall, within ten days of this date:

(1) permit counsel for the defendant to inspect and copy or photograph:

(a) any written or recorded statements or confessions made by the defendant, or copies thereof, within the government's possession, custody or control, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government;

(b) the portion of any written record containing the substance of any relevant oral statement made by the defendant before or after arrest in response to interrogation by any person then known by the defendant to be a government agent;

(c) the substance of any other relevant oral statement made by

the defendant in response to interrogation by any person then known by the defendant to be a government agent if the government intends to use that statement at trial;

(d) any relevant results or reports of physical or mental examinations, and of scientific tests or experiments made in connection with the case, including but not limited to handwriting, fingerprint, handprint, voice print and drug analysis, or copies thereof, within the government's possession, custody or control, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government;

(e) any relevant recorded testimony of the defendant before a grand jury;

(f) books, papers, tangible objects, buildings, or places which are the defendant's property or which are intended for use by the government as evidence-in-chief at trial, and which are within the government's possession, custody, or control, unless otherwise prohibited by statute;

(g) the Federal Bureau of Investigation Identification Sheet indicating the defendant's prior record; and

(2) disclose to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705, Fed. R. Evid., during its case-in-chief at trial, including a description of the witnesses'

opinions, the bases and reasons for those opinions, and the witnesses' qualifications.

B.  If the defendant produces any written summary of expert testimony as set forth in Rule 16(b)(1)(C)(ii), Fed. R. Crim. P. (as ordered below), the government shall, within ten days thereafter, disclose to the defendant a written summary of any testimony the government intends to use under Rules 702, 703, or 705, Fed. R. Evid., as evidence at trial on the issue of the defendant's mental condition, including a description of the witnesses' opinions, the bases and reasons for those opinions, and the witnesses' qualifications.

## II.  Disclosure by the Defense.

A.  The defendant's attorney shall:

(1) within ten days of this date, permit the attorney for the government to inspect and copy or photograph any document or other physical object within the defendant's possession, custody, or control, which is intended to be introduced as evidence-in-chief during the trial;

(2) within five days of the government's disclosure of any results or reports of physical or mental examinations or scientific tests or experiments, permit the government to inspect and copy or photograph any results or reports of physical or mental examinations and scientific tests or experiments made in connection with this case, or copies thereof, within the defendant's possession or control, which the defendant intends to introduce

as evidence-in-chief at trial or which were prepared by a witness whom the defendant intends to call at trial if the results or reports relate to that witness' testimony.

B.  If (i) the government produces any written summary of expert testimony as set forth in Rule 16(a)(1)(E), Fed. R. Crim. P., (as ordered above), or (ii) the defendant has given notice under Rule 12.2(b), Fed. R. Crim. P., of an intent to present expert testimony on the defendant's mental condition, the defendant shall, within ten days of such disclosure or notice, disclose to the government a written summary of any testimony the defendant intends to use under Rules 702, 703, or 705, Fed. R. Evid., as evidence at trial, including a description of the witnesses' opinions, the bases and reasons for those opinions, and the witnesses' qualifications.

### III.  Continuing Duty to Disclose

Duties of disclosure set forth by this Order shall be continuous, pursuant to the provisions of Rule 16(c), Fed. R. Crim. P.

### IV.  Witness Lists and Prior Statements

As to witness lists and prior statements governed by 18 U.S.C. § 3500 and Rule 26.2, Fed. R. Crim. P., the court urges the government to make disclosure to counsel for the defendant as soon as the government deems prudent. The court declines, however, to compel disclosure of witnesses more than one working day before trial, *see* Weatherford v. Bursey, 429 U.S. 545, 559 (1977); United States v. Bouye, 688 F.2d 471, 473-474 (7th Cir. 1982), or to compel disclosure of § 3500 material before the witness testifies. *See*

United States v. Harris, 542 F.2d 1283, 1291 (7th Cir. 1976), *cert. denied*, 430 U.S. 934 (1977); United States v. Feinberg, 502 F.2d 1180 (7th Cir. 1974), *cert. denied*, 420 U.S. 926 (1975).

### V.  Brady Material

The court, by this order, sets forth no additional requirement that the government disclose material exculpatory evidence, impeachment evidence, or evidence otherwise favorable to the defendant. The court presumes the government is aware of the constitutional obligations set forth in Brady v. Maryland, 373 U.S. 83 (1963); Giglio v. United States, 405 U.S. 150 (1972); United States v. Agurs, 427 U.S. 97 (1976); United States v. Bagley, 473 U.S. 667 (1985); and Kyles v. Whitley, 514 U.S. 419, 437 (1995). The obligation to disclose such information arises as a matter of due process, however, not as a result of a discovery order. An order to produce or disclose Brady material lends nothing to the due process analysis; the constitutional obligation is independent of such an order. *See* United States v. Doby, 665 F. Supp. 705, 709 (N.D. Ind. 1987). Accordingly, the court will deem any request for Brady material to be directed to the government pursuant to Agurs, rather than to the court.

### VI.  Co-conspirator Statements

The court does not, by this order, require the government to disclose any sooner than the rules dictate, as a prior statement of the defendant, statements to be offered pursuant to the co-conspirator's exception to the hearsay rule, Fed. R. Evid. 801(d)(2)(E). However, the court orders, pursuant to United States v. Andrus, 775 F.2d 825 (7th Cir.

1985), that the government provide the court, at least 30 days prior to trial, a written proffer setting forth any statements it will seek to admit at trial with respect to this defendant pursuant to Rule 801(d)(2)(E), and the evidence on which it will rely to show that (1) the conspiracy existed; (2) the defendant against whom the statement is offered voluntarily became a member of the conspiracy; and (3) the statement was made during the course of and in furtherance of the conspiracy, consistent with <u>United States v. Santiago</u>, 798 F.2d 246 (7th Cir. 1986).

### VII.  Uncharged Misconduct

The government shall notify the defendant, <u>and file a detailed notice with the Court</u>, at least four business days before the Final Pretrial Conference (when the statements of the case are due, <u>see</u> Section IX), of the general nature of any evidence it intends to offer under Fed. R. Evid. 404(b) at trial, and the government shall indicate the purpose for which the evidence is to be introduced.

### VIII.  Additional Motions; Relief from Order

The government and defendant are afforded to and including **January 8, 2018** to seek relief from any provision of this order.  All pretrial motions are to be filed **no later than January 8, 2018.**  N.D. Ind. L.R. 7-1 shall govern the briefing schedule for any discovery or other pretrial motions.

No later than **12 business days before the final pretrial conference**, **12:00 p.m. (noon)**, the parties are to file on CM/ECF any <u>motion in limine</u> as a single document. That is, a party may raise as many issues in a motion in limine as the case makes

appropriate, but only one motion may be filed on behalf of that party.  A response shall be filed no later than **7 business days before the final pretrial conference, 12:00 p.m. (noon)**, and any reply shall be filed no later than **4 business days before the final pretrial conference**, **12:00 p.m. (noon)**.  After this deadline passes, the parties shall notify the Court as soon as possible if any witnesses timely disclosed for the first time will result in a motion in limine.

> **IX. Statement of the Case; Proposed Jury Instructions & Verdict Forms; Witness Lists; Proposed Voir Dire Questions**

The parties are **FURTHER ORDERED** to comply with the deadlines for submissions to the Court, as listed below.

> **1)     No later than 4 business days before the Final Pretrial Conference, 12:00 p.m. (noon), the parties are to submit a <u>Statement of the Case</u>.**

The statement should be sent to deguilio_chambers@innd.uscourts.gov and need not be filed on CM/ECF or disclosed to the other party.  A final pretrial conference is set in addition to the Statement of the Case deadline.  <u>Attendance of the Defendant(s) at the final pretrial conference is preferred but not required</u>.

The Statement of the Case should identify the following:

> a)     issues to be tried;
> 
> b)     the elements of the charge(s) in the Indictment;
> 
> c)     any stipulations entered into (or anticipated) by the parties;
> 
> d)     the identification and admissibility of exhibits, including recordings;
> 
> e)     identification of expert witnesses, a description of their opinions and

    the bases for those opinions, and the witnesses' qualifications;

 f) admissibility of prior convictions, along with basic details of the prior conviction;

 g) any questions that may arise as to <u>Jackson v. Denno</u>, 378 U.S. 368 (1964) (confessions and admissions) and <u>Bruton v. United States</u>, 391 U.S. 123 (1968) (co-defendant confessions and right to confrontation);

 h) as to multi-defendant cases, any questions that may arise as to <u>United States v. Echeles</u>, 352 F.2d 892 (7th Cir. 1965) (trial separation), the number and manner of exercising peremptory challenges, and the order of questioning and presenting defenses;

 i) any other evidentiary questions or legal issues reasonably anticipated to arise at trial; **and**

 j) whether arrangements have been made for Defendant(s) to appear in civilian clothes for trial, as defense counsel shall make certain that clothes for a Defendant in custody are delivered to the Marshal's office at least 1 business day before the start of trial.

**2) No later than 4 business day before trial, 12:00 p.m. (noon), the parties are to submit <u>proposed final jury instructions</u> and <u>verdict forms</u> (with legal authorities).**

These submissions are to be made in word processing format (not PDF) to the appropriate chamber's email box **AND** by electronically filing the same on CM/ECF.

The Court will file on CM/ECF its proposed final jury instructions prior to this deadline. **The parties should NOT submit instructions duplicative of the Court's**,

> 3) **No later than the 3 business days before trial, 12:00 p.m. (noon), the parties are to submit <u>witness lists</u> and <u>proposed voir dire questions</u>.**

Witness lists and proposed voir dire questions should be emailed in word processing format (not PDF) to the appropriate chamber's email box — do not submit voir dire questions that will be covered by the juror questionnaire.  The Court will email to counsel its proposed voir dire questions prior to this deadline.  **The parties should NOT submit voir dire questions duplicative of the Court's proposed voir dire or of the jury questionnaire.**

Counsel are encouraged to visit http://www.innd.uscourts.gov/DeGuilio.shtml which will be updated as to the Court's case management and trial procedure preferences.

SO ORDERED.

Dated: 12/19/2017

                                                 s/Michael G. Gotsch, Sr.
                                                 Michael G. Gotsch, Sr.
                                                 United States Magistrate Judge

Form 8/29/13